IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRANDY R. ROMINE                                                    PLAINTIFF


        v.                                NO. 14-5117


CAROLYN W. COLVIN, Commissioner
Social Security Administration                                    DEFENDANT


### MEMORANDUM OPINION

Plaintiff, Brandy R. Romine, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

### I.      Procedural Background:

Plaintiff protectively filed her current applications for DIB and SSI on April 16, 2014, alleging an inability to work since January 1, 2004, due to her bipolar disorder, anxiety, panic disorder, migraines, and pain. (Tr. 101, 162, 171, 479). For DIB purposes, Plaintiff maintained insured status through June 30, 2007. (Tr. 13, 112). An administrative hearing was held on May 8, 2006, at which Plaintiff appeared with counsel and testified. (Tr. 41).

AO72A
(Rev. 8/82)

In a written decision dated August 31, 2006,[1] the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform medium work with limitations. (Tr. 38-50). Plaintiff requested review of the unfavorable decision by the Appeals Council. The Appeals Council vacated the ALJ's August 31, 2006, decision, and remanded Plaintiff's case back to the ALJ on December 4, 2007. (Tr. 34-37, 86-89). A supplemental administrative hearing was held on December 9, 2008. (Tr. 498-527).

By written decision dated September 8, 2009, the ALJ found Plaintiff was not disabled prior to April 18, 2006, but that Plaintiff became disabled on that date and remained disabled through the date of the decision. (Tr. 16). The ALJ found since the alleged onset date of disability, January 1, 2004,[2] Plaintiff had an impairment or combination of impairments that were severe. (Tr. 16). Specifically, the ALJ found Plaintiff had the following severe impairments: a mood disorder, a personality disorder, osteoarthritis, and scoliosis. (Tr. 16). The ALJ also found Plaintiff had an additional severe impairment, specifically fibromyalgia, as of December 2, 2008. (Tr. 16). However, after reviewing all of the evidence presented, the ALJ determined that since the alleged onset date, Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 16). The ALJ found that prior to April 18, 2006, the date Plaintiff became disabled, Plaintiff maintained the RFC to:

---

[1]The ALJ indicated that Plaintiff amended her alleged onset date to June 1, 2003, at the May 8, 2006, administrative hearing. (Tr. 41). Plaintiff's "Prehearing Memorandum" also indicates Plaintiff's onset date as "early 2003." (Tr. 171).

[2]As noted above, Plaintiff amended her alleged onset date to June 1, 2003, at the first administrative hearing. Plaintiff did not argue that the ALJ's use of January 1, 2004, as the onset date, in the September 8, 2009, hearing decision, the was in error in the appeal brief submitted to this Court.

-2-

AO72A
(Rev. 8/82)

perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant was limited to the following: occasional reaching overhead bilaterally; no sustained driving; no climbing of scaffolds, ladders, or ropes; only occasional climbing of ramps and stairs; only occasional stooping, bending, crouching, crawling, kneeling, and balancing; and no work that involved unprotected heights or dangerous machines and/or equipment.  Furthermore, claimant could only have performed work that included no more than the following: non-complex simple instructions, little judgment, and routine and/or repetitive work; work learned by rote with few variables; contact with others which was only superficial and incidental to work; and supervision which was concrete, direct, and specific.

(Tr. 17).  With the help of a vocational expert, the ALJ determined that prior to April 18, 2006, Plaintiff could perform work in production work/bench assembly, and as a chicken eviscerator. (Tr. 20-21).  The ALJ found that as of April 18, 2006, Plaintiff became disabled, and continued to be disabled through the date of the decision.  (Tr. 21).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on February 7, 2014. (Tr. 1-6).  Subsequently, Plaintiff filed this action. (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision.  (Doc. 13; Doc. 14).

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.3d

AO72A
(Rev. 8/82)

964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3), 1382(3)(c).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national

-4-

economy given her age, education, and experience.  See 20 C.F.R. § 404.1520.  Only if the final

stage is reached does the fact finder consider the Plaintiff's age, education, and work experience

in light of her residual functional capacity.  See McCoy v. Schweiker, 683 F.2d 1138, 1141-42

(8th Cir. 1982); 20 C.F.R. § 404.1520.

### III.   Discussion:

Plaintiff argues that the ALJ's decision was not supported by substantial evidence.  The

Court will break Plaintiff's argument into four categories: 1) whether the ALJ considered

Plaintiff's impairments in combination; 2) the ALJ's credibility determination; 3) the ALJ's RFC

determination; and 4) the hypothetical and vocational expert testimony.

#### A.   Combination of Impairments:

Plaintiff appears to argue that the ALJ erred in failing to consider all of the claimant's

impairments in combination.

The ALJ stated that in determining Plaintiff's RFC, she considered "all of the claimant's

impairments, including impairments that are not severe."  (Tr. 15).  The ALJ further found that

the Plaintiff did not have an impairment or combination of impairments that met or medically

equaled one of the listed impairments.  (Tr. 16).  Such language demonstrates the ALJ

considered the combined effect of Plaintiff's impairments.  Hajek v. Shalala, 30 F.3d 89, 92 (8th

Cir. 1994).

#### B.   Subjective Complaints and Credibility Analysis:

We now address the ALJ's assessment of Plaintiff's subjective complaints.  The ALJ was

required to consider all the evidence relating to Plaintiff's subjective complaints including

evidence presented by third parties that relates to:  (1) Plaintiff's daily activities; (2) the duration,

AO72A
(Rev. 8/82)

frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, and the Defendant's well-stated reasons set forth in her brief, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. A review of the record revealed that Plaintiff completed a Function Report on March 25, 2005, wherein she indicated she was able to get her son up and off to school; to take care of her younger daughter; and to occasionally take care of her ill father-in-law. (Tr. 136-143). Plaintiff indicated that she helped take her father-in-law to the doctor and picked up his medications. Plaintiff reported that she was able to take care of her personal hygiene, prepare meals, do household chores, drive, and shop for food. Plaintiff indicated that she was able to read, and sit around and talk. In September of 2005, Plaintiff reported that she cared for her children and ill father-in-law. (Tr. 314). In March of 2008, Plaintiff reported to Dr. Gene Chambers that she cared for her ill father-in-law for two and one-half years. (Tr. 391). Plaintiff indicated that her father-in-law underwent radiation treatment for cancer and that she monitored his medications, massaged his feet, and sat with him. The

-6-

record further revealed that during the relevant time period Plaintiff's treating physicians recommended Plaintiff stop smoking and that she stay physically active.  (Tr. 254, 365).

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, she has not established that she was unable to engage in any gainful activity during the time period in question.  Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### C.      The ALJ's RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC."  Id.

In determining that Plaintiff maintained the RFC to perform light work with limitations prior to April 18, 2006, the ALJ considered the medical assessments of the examining and non-examining agency medical consultants; Plaintiff's subjective complaints; and her medical

-7-

AO72A
(Rev. 8/82)

records.   The record revealed that Plaintiff sought treatment for a variety of issues, however, most of her treatment was for her mental impairments.  In October of 2005, a time period where Plaintiff was caring for both her children and her ill father-in-law, Plaintiff was noted to have a normal memory, mood, and affect.  (Tr. 356).  Plaintiff also had appropriate judgment and insight.  Physically, Plaintiff was noted to have a normal gait and station, and a normal sensory and motor exam.  Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination for the time period in question.

### D.      Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005).  Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as production worker/bench assembler, and a chicken eviscerator, during the relevant time period.  Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

### IV.    Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying Plaintiff benefits, and thus the decision should be affirmed.  The undersigned further finds that Plaintiff's Complaint should be dismissed with prejudice.

AO72A
(Rev. 8/82)

DATED this 16th day of April, 2015.


/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-9-